JEFFREY L. ARAN # Cal.141407
LAW OFFICES OF JEFFREY L. ARAN
6700 Freeport Blvd., #208
Sacramento, CA 95822
916/395-6000; 916/395-6028 fax
jaranatty@aol.com

Attorney for:
Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

~o~

MERIDIAN MEDIA GROUP, Inc.,
a California Corporation; LAUREN
JAMES; and LEONARD A. HENSON,

  Plaintiffs

v.

COUNTY OF SUTTER, a political
subdivision of the State of California;
SUTTER COUNTY COMMUNITY
SERVICES DEPARTMENT; LARRY
BAGLEY, in his official capacity as
Director of the Sutter County Community
Services Department; RANDY CAGLE,
in his official capacity as Assistant
Director of the Sutter County
Community Services Department;
DOES 1-10,

  Defendants

_____/

NO.

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**
[42 USC §1983, 29 USC §2201(a)]

## INTRODUCTION

1. This is a civil rights lawsuit seeking to vindicate the right of Plaintiffs to adequately and meaningfully communicate truthful information regarding real estate for sale to the public.  By virtue of an unreasonable, unconstitutionally restrictive ban on the number and size of temporary real estate for-sale signs, in particular signs in agricultural zones along Defendant Sutter County roads and highways, Defendant's action deprive

1 -- Complaint

Plaintiffs and their customers of basic rights protected by the 1st and 14th Amendments to the US Constitution and by Article 1, Section 2 of the California Constitution, as well as California Civil Code §713.

2.      Plaintiffs bring this civil rights case pursuant to the 1st and 14th Amendments to the US Constitution, the Civil Rights Act of 1871, and 42 USC §1983.  Plaintiffs seek injunctive and declaratory relief against the enforcement of sign restrictions set forth in the Sutter County Zoning Code which, facially and as applied, deny Plaintiffs the right to engage in lawful, constitutionally protected, reasonable communication with potential customers.

## PARTIES, JURISDICTION, VENUE

3.      Plaintiff Meridian Media Group, Inc., is a California Corporation with its principal place of business in Sacramento County, California.  Meridian is duly licensed to conduct business in California and operates a real estate for-sale advertising business, with new home builders as its primary clients. Plaintiffs Lauren James and Leonard Henson, individually, are residents of and landowners in Sutter County, California.

4.      Defendant County of Sutter is a political subdivision of the State of California.  Defendant Sutter County Community Services Department is part of the government of Defendant County.   Defendants Larry Bagley and Randy Cagle are, respectively, the Director and Assistant Director of Defendant Community Services Department, and are sued herein in their official capacity. All references hereinafter to "Defendant" or "County" include, collectively, all such Defendants so identified.  Among their responsibilities is enforcement of Defendant County's Zoning Code at issue herein.

5.      JURISDICTION.  This is a civil rights action brought pursuant to 42 U.S.C. §1983 and arising under the Constitution and laws of the United States.  Plaintiffs seek a declaratory judgment pursuant to 28 USC §2201(a) and injunctive relief to redress the deprivation by defendant County, under color of law, of the rights, privileges and

2 -- Complaint

immunities secured to Plaintiffs by the Constitution and laws of the United States, including, but not limited to rights secured by the 1st and 14th Amendments to the US Constitution, and including, but not limited to, Article I, Sec. 2 of the California Constitution.

6.     VENUE.  Venue is proper in this District because all parties are located within the Eastern District of California.

**FACTUAL BASIS FOR CLAIMS**

7.     Plaintiff  Meridian Media Group, Inc., is and was at all times material herein a real estate subdivision advertising company, whose primary customers include new home builders throughout California.  Pursuant to California Civil Code §713, Meridian installs reasonably-sized real estate for-sale signs on private property with the written consent of the landowner.  Said signs advertize the name of and directions to new home real estate subdivisions. Section 713 allows such signage to be so placed on private property, "notwithstanding any provision of any ordinance."[1]

8.     At all times material to this lawsuit, Meridian has been lawfully engaged in the exercise of freedom of expression through the use of signs for various purposes.   For the benefit of its customers, Meridian relies upon signage to identify new homes for sale to the general public.   Consistent with California Civil Code §713, Meridian's sign placements occur on private property with consent of the landowner.  Meridian's signs consist of lawful messages, are of reasonable size and dimension, are located in plain

---

[1] Cal Civil Code §713. (a) Notwithstanding any provision of any ordinance, an owner of real property or his or her agent may display or have displayed on the owner's real property, and on real property owned by others with their consent, signs which are reasonably located, in plain view of the public, are of reasonable dimensions and design, and do not adversely affect public safety, including traffic safety, as determined by the city, county, or city and county, advertising the following: (1) That the property is for sale, lease, or exchange by the owner or his or her agent. (2) Directions to the property. (3) The owner's or agent's name. (4) The owner's or agent's address and telephone number. (b) Nothing in this section limits any authority which a person or local governmental entity may have to limit or regulate the display or placement of a sign on a private or public right-of-way.

view of the public, and do not adversely affect traffic or public safety.   (Meridian does not construct or place weekend directional "bootleg" signs or place signs in the public right of way.)    Because of a sign's unique cost-effectiveness and its powerful, often permanent impact, few comparable means of communicating and informing the public exist, and of those alternative means, none rivals the impact of signs, by custom, trade, tradition and usage throughout the country.

9.    Such use of signage by Meridian is a form of speech, and is a legitimate use of property.  Such signs serve an important function, providing a benefit to the property owner, lessees, the originators of the speech, and also the intended audience of the speech (home buyers).  The right to conduct a business includes the right to advertise and identify that business, and such rights are deemed to be property rights.

10.    In December 2005, pursuant to exclusive land leases and with the consent of the landowners, Plaintiff Meridian installed signage constructed in compliance with Cal Civil Code §713 on two separate parcels of land located in agricultural zones in Sutter County owned, respectively, by co-Plaintiffs herein, Leonard Henson (APN 13-280-047) and Lauren James (APN 35-050-039).   Said signs are directional/navigational signs advertising new home real estate subdivisions located elsewhere, i.e., they are off-site directional signage intended to assist the motoring public navigate to new homes for sale in the vicinity.

11.    Despite the broad protective sweep of Civil Code §713, on or about April 15, 2008, Defendant Sutter County, acting through its Community Services Department, Randy Cagle, Assistant Director, issued written Notices of Violation of Sutter County Zoning Ordinance §1500-9435(m)(5) to Henson and James with regard to said real estate signs at issue in this case. (Notice of Violation #08-039 and 08-041).  Each of said notices alleges that the off-site directional real estate signage Plaintiffs installed *is* allowed in Sutter County, except that Plaintiffs' signs exceed "the maximum size allowed

4 -- Complaint

by that ordinance" (4 sf, 3 feet tall, essentially a 2' x 2' sign).  Plaintiffs' signs are typically reasonably sized at 8' x 16' based upon speed of traffic and setback.

12.  THE CHALLENGED SIGN CODE.  Sutter County Zoning Code §1500-9435 ("the Sign Code" hereinafter) impairs freedom of expression in the County by imposing an ambiguous array of restrictions, limitations, conditions and outright bans on the content and type of signs that applicants may currently use or elect to use in the future.  Plaintiffs assert that Defendant's entire sign ordinance is unconstitutional; however, Plaintiffs through this proceeding challenge only those provisions thereof restricting the placement of real estate "for sale" signs authorized by Civil Code §713, including, but not limited to, unreasonable size restrictions and content-control, as described more fully herein.

13.  Defendant's continued threatened enforcement of the Sign Code, in particular §9435(m)(5), has caused and continues to cause immediate injury and irreparable harm to Plaintiffs' business and property.  Enforcement and application of §9435(m)(5) arbitrarily impairs the ability of Plaintiffs (a) to adequately and visibly communicate a lawful message, and (b) to reasonably conduct its business in the County.  Accordingly, an actual controversy exists between the parties, and this matter is ripe for resolution.

**FIRST CLAIM:**        **Constitutional Infirmities**

14.  Plaintiffs reallege paragraphs 1-13 hereof as though fully set forth.

15.  The Sign Code is unconstitutional and illegal on its face and, as applied to Plaintiffs, deprives Plaintiffs and others similarly situated of their right to freedom of expression in violation of the First and Fourteenth Amendments to the US and California Constitutions, to wit –

A.  Sutter County Zoning Code §1500-9435(m)(5) does not *directly advance* any substantial, significant or compelling governmental interest.

5 -- Complaint

B.    Sutter County Zoning Code §1500-9435(m)(5) is *not narrowly tailored* to serve any substantial, significant or compelling governmental interest.

C.    Sutter County Zoning Code §1500-9435(m)(5) bans speech based on the *content* of such speech, in light of exemptions for certain favored or preferred speech allowed by other provisions of the Sign Code, which permit larger signs.

D.    Sutter County Zoning Code §1500-9435(m)(5) does not leave open ample, satisfactory *alternative channels of communication*.

E.    Sutter County Zoning Code §1500-9435(m)(5) is unconstitutionally *overbroad* and prohibits more speech than is necessary to advance any purported governmental interest.  The Sign Code on its face and as applied is overbroad and its lack of precision in the language results in more speech being restricted than is necessary to achieve the County's purported interests.

F.    Sutter County Zoning Code §1500-9435(m)(5) is *not a constitutionally reasonable time, place, or manner restriction*, and therefore violates the First Amendment to the US Constitution.

G.    By prohibiting all signs, except exempt favored signs and messages, Defendant and its agents and employees, acting under color of its municipal law, abridge Plaintiffs' and others' *civil and free speech rights* guaranteed by the First and Fourteenth Amendments to the US Constitution and 42 USC §1983.

16.    Enforcement of §9435(m)(5) unconstitutionally distinguishes and discriminates between categories of speech, based upon the content of the message, identity of the speaker and location of the sign display.  For example, "on premise" construction signs are permitted 50 sf.  [§9435(e)].  Real estate "for sale" signs in residential zones for single family residences located on or of the property are allowed 6 sf [§9435(m)(1)], except those in A, FPARC, PR, C and M zones are allowed up to 32 sf, depending on parcel size [§9435(m)(2) and (3)] . For property other than single family

residences, no permit is required for on-site signs 20 square feet or less.   Yet, identical temporary off-premise real estate signs of the type constructed by Plaintiffs, with the same message, are unreasonably restricted to 4 sf, 3' in height, and must be removed by the close of business each day. [§9435(m)(5)].

17.    Additionally, the Sign Code regulates the content of messages and provides:

"The following signs shall be exempt from the provisions of this chapter:

(b) . . . "civic, fraternal, or religious organizations" . . .

(c) . . . "memorial plaques". . . approved by the Board of Supervisors

(d) . . . "civic event signs" . . .

(e) . . .  "Development/contractor's signs" . . . up to 50 sf

(g) . . . "flags" . . . including "nationally or internationally recognized organizations."

(h) . . . "garage/yard sale and short term agricultural sale/auction signs" . . .

(i) . . . "political signs" . . .

The ordinance is thus not content-neutral.  Such favoritism discriminates against various forms of speech and speakers by exempting from regulation (i.e., by allowing) certain favored or preferred speech (content) and speakers, to the detriment of other less-favored messages and speakers.  See *Ballen v. City of Redmond* (9th Cir 2006) 466 F3d 736; *Central Hudson v. Pub Serv. Commsn (1980) 447 US 557. 561.*

18.    As a result, the Sign Code unconstitutionally distinguishes and discriminates between categories of speech, based upon the identity of the speaker and is thus not a constitutionally reasonable time, place or manner restriction.

19.    The restriction on temporary real estate subdivision signs lacks a "rational basis" and is not justified by any compelling or substantial governmental interest, nor is such restriction narrowly tailored to achieve the County's purported interests, whatever they may be.

20.     Defendant's attempted enforcement actions constitute harassment and retaliation against Plaintiffs by selectively and discriminatorily enforcing the Sign Code against them for exercising their First Amendment and California constitutional and statutory rights.

**THIRD CLAIM:   Equal Protection**

21.     Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

22.     The Sign code on its face and applied constitutes a denial to Plaintiffs of equal protection of the laws in violation of the Fourteenth Amendment to the US Constitution, because it unreasonably discriminates and makes irrational classifications and distinctions between Plaintiffs' signs and others similarly situated based solely upon the location and content of the message.

**FOURTH CLAIM:Discriminatory Use Classification**

23.     Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

24.     The Sign Code is illegal because it discriminates against Plaintiffs's desired sign and message while allowing other businesses within the same zone with similar messages and signs to utilize such signs, such that there is no rational distinction between the limitations permitted and those excluded, and that enforcement of the ordinance is so uneven as to be invalid.

**FIFTH CLAIM:   Lack of Uniformity**

25.     Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

26.     California Government Code §65852 requires that: "All [zoning] regulations shall be uniform for each class or kind of building or use of land throughout each zone . . ."  The Sign Code is illegal because it is not uniform within the meaning of Government Code §65852 in that it impermissibly discriminates against Plaintiffs' desired sign and message while allowing other similar uses within the same zone, such that there is no rational distinction between the limitations permitted and those excluded.

**SIXTH CLAIM: CIVIL RIGHTS VIOLATION**

27.    Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

28.    By prohibiting and so limiting Plaintiffs' signs, Defendant and its agents and employees, acting under color of its municipal law, abridge Plaintiffs' and others' right to free speech as guaranteed by the First and Fourteenth Amendments to the US Constitution and 42 USC §1983.

**SEVENTH CLAIM:    DENIAL of DUE PROCESS**

29.    Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

30.    Defendant's enforcement of the Sign Code against Plaintiffs constitutes a denial of due process rights guaranteed by the US and California Constitutions, and State law.  Specifically, the enforcement of Sutter County Zoning Code §1500-9435(m)(5) against Defendants is an unreasonable and arbitrary act which denies Defendants fundamental fairness and due process guarantees, because the conduct complained of is expressly authorized by State law, California Civil Code §713.

**EIGHTH CLAIM:    ESTOPPEL**

31.    Plaintiffs reallege paragraphs 1-20 hereof as though fully set forth.

32.    Defendant's attempt to enforce the Sign Code should be estoped because the conduct complained of is expressly authorized by State law, California Civil Code §713.

**DEMAND FOR RELIEF**

Wherefore, Plaintiffs respectfully pray for relief as follows:

1.    That the Court declare the Sign Code unlawful and unconstitutional under the US and California Constitutions, including pursuant to California Civil Code §713;

2.    That this Court issue a permanent injunction to enjoin the County, and its officers, agents, servants, employees and attorneys from enforcing the Sign Code against Plaintiffs or any others;

3.    That the Court award Plaintiffs all of its expenses, including reasonable attorney fees, pursuant to 42 U.S.C. §1988, and as otherwise allowed by law; and

4.    Such other and further relief as the court deems just and proper, including monetary damages for violation of their civil rights.

DATED:    May 27, 2008    Respectfully submitted,

/s/

JEFFREY L. ARAN

Attorney for Plaintiffs

10 -- Complaint